## FISHMAN et v HELWIG et

## FISHMAN et v EADLER et

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4022 & 4025. Decided March 7, 1932

Fred Weiland, Cincinnati, and Max Rafalo, Cincinnati, for appellant.

Malcolm McAvoy, Cincinnati, and Daronne R. Tate, Cincinnati, for appellees.

HAMILTON, J.

It appears that while the mortgages are referred to as construction mortgages, the mortgages were executed and delivered prior to the commencement of work on the properties in question. §8321-1 GC, concerning the distribution of construction mortgage funds has, therefore, no application.

The claim of The Norwood Sash and Door Manufacturing Company is, that, under the facts of the case, the Boulevard Finance Company is estopped to claim priority. The amounts of the two liens of The Norwood Sash and Door Manufacturing Company are not in dispute. Neither are the amounts of the notes and mortgages in dispute.

As we see it, the only question in the case is whether or not, under the facts, the Boulevard Finance Company is estopped to assert the prior lien.

We will trace the proceeding with reference to the Eadler property, case No. 4025:

It appears that one A. O. Eadler desired to construct a house on a lot in Deer Park, on Delaware Avenue. That one Bosken at the time had a blanket mortgage on several lots; that $200 was paid to Bosken to release the mortgage as to the lot in question; that in some manner one Frank Plogman had title or contract of purchase for that particular lot. The title was taken in the name of Ethel Eadler, the daughter-in-law of A. O. Eadler, who desired to construct the house. Ethel Eadler executed a mortgage to Frank Plogman, in payment of the lot, which mortgage was made second to the $2200 mortgage. That one Anthony F. Walters, a real estate man, undertook to finance the proposition for A. O. Eadler, he to resell

the property after it was constructed, in which manner he expected to receive compensation for his services. Ethel Eadler thereupon executed a first mortgage to Anthony F. Walters for $2200. Plogman was a clerk in Max Rafalo's office. Henry Fishman was the owner and doing business as The Boulevard Finance Company. Fishman was a brother-in-law of Rafalo's. Walters was continuously in Rafalo's office, and was familiar with all matters concerning the transaction. Thereupon Walters assigned the $2200 mortgage and note to The Boulevard Finance Company, Fishman's Company.

The Norwood Sash & Door Manufacturing Company had been asked to furnish the millwork for the job. The salesman for the Sash & Door Company sent in the order for the millwork, and in that order referred to the construction mortgage of $2200. The credit manager of the Sash and Door Company called both Walters and Rafalo with reference to the financing of the properties, and as to where they were to get their money. He states that Mr. Walters told him that the $2200 construction loan was to come through him and Mr. Rafalo. He then called Mr. Rafalo to find out whether Mr. Rafalo's financing company was in fact going to loan the money. Mr. Rafalo assured him that the Boulevard Finance Company would loan the money. He then told Mr. Rafalo the amount of the millwork and lumber would be approximately $900; that Mr. Rafalo stated that The Boulevard Finance Company, represented by him, was going to make a loan of $2200, to pay for labor and material on the job. He further states that credit was extended to Mr. Eadler on this contract solely on the assurance that the financial arrangements were to be made and "we were to be paid by The Boulevard Finance Company," and Mr. Rafalo stated "our bill was to be paid out of this loan of $2200."

Mr. Rafalo denies the statement attributed to him, but does testify in substance that he stated they were going to furnish under a mortgage construction loan the sum of $2200 for material and labor; that he did not state that the Norwood Sash & Door Manufacturing Company in particular would be taken care of by the Finance Company; that it would have to look to the mortgage construction loan and further financing, when the building was completed, through a building and loan company.

The total sum of $2200 was paid out by Mr. Rafalo on checks, some of which were made payable direct to labor and material men, and some to Eadler, but The Norwood Sash & Door Manufacturng Company was not paid.

The trial court evidently was of the opinion that the whole transaction of the purchase of the lot, Mr. Rafalo's connection with the original movement, the execution of the mortgage to a dummy and his connection with the Boulevard Finance Company, the relation and knowledge of the parties, all taken together should estop plaintiff from the right to a prior lien under the mortgage; that under the facts, to give priority to the mortgage over the lien of The Norwood Sash & Door Manufacturing Company would work a constructive fraud on the Company in procuring the millwork. We incline to that view, and so hold.

The conclusion is that the lien of The Norwood Sash & Door Manufacturing Company has priority over the mortgage, and an entry may be presented so decreeing.

A like decree will be entered in case No. 4022, the controlling facts being the same.

ROSS, PJ, and CUSHING, J, concur.